UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | | |
|---|---|---|
| BRUCE EDWARDS, | : | |
| | : | CASE NO.: |
| Plaintiff, | : | |
| vs. | : | Judge: |
| | : | |
| OCHSNER CLINIC FOUNDATION and | : | |
| OCHSNER LSU HEALTH SYSTEM | : | |
| OF NORTH LOUISIANA, | : | Magistrate: |
| | : | |
| | : | |
| Defendants. | : | |

---

# COMPLAINT

Plaintiff, BRUCE EDWARDS, by and through his undersigned counsel, hereby files this Complaint and sues OCHSNER CLINIC FOUNDATION and OCHSNER LSU HEALTH SYSTEM OF NORTH LOUISIANA (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

1

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, BRUCE EDWARDS, (hereinafter referred to as "MR. EDWARDS"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MR. EDWARDS resides in Bossier Parish on Matlock Road, in Plain Dealing, Louisiana.

6. MR. EDWARDS is a qualified individual with a disability under the ADA and the LCHR. MR. EDWARDS has Atrial Fibrillation and a total left knee replacement.

7. Due to his disability, MR. EDWARDS is substantially impaired in several major life activities, including, but not limited to walking.

8. Upon information and belief, OCHSNER CLINIC FOUNDATION, a Louisiana non-profit corporation doing business in Caddo Parish, is an operator of the facility, which is the subject of this action, to wit: Ochsner LSU Health – Ambulatory Care Center, 1606 Kings Highway, Shreveport, LA 71103 (hereinafter referred to as "the Property").

9. Upon information and belief, OCHSNER LSU HEALTH SYSTEM OF NORTH LOUISIANA, a Louisiana non-profit corporation doing business in Caddo Parish, is an operator of the Property.

10. Upon information and belief, the Property is a "Rehabilitation Facility" and/or an "Outpatient Physical Therapy Facility" as defined by the Americans with Disabilities Act Accessibility Guidelines and therefore must have twenty (20%) percent of the Property's parking spaces be ADA compliant.

11. MR. EDWARDS has visited the Property to go to the doctor.

12. DEFENDANTS are obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Western District of Louisiana, Caddo Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MR. EDWARDS realleges and reavers the above Paragraphs as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 1606 Kings Highway, Shreveport, Louisiana 71103.

16. Upon information and belief, MR. EDWARDS has visited the Property and desires to visit the Property again in the future.

17. Upon information and belief, MR. EDWARDS' most recent visit to the Property prior to filing this original Complaint was on September 15, 2025.

18. During this visit, MR. EDWARDS had difficulty accessing the Property because there are insufficient designated-accessible parking spaces available at the Property.

19. MR. EDWARDS continues to desire to visit the Property but will continue to experience serious difficulty due to the insufficient number of designated-accessible parking spaces available at the Property.

20. MR. EDWARDS lives within close geographic proximity of the Property. MR. EDWARDS lives forty-four miles from the Property.

21. MR. EDWARDS plans on returning to the Property for his doctor's appointments, but fears

that he will encounter the same barriers to access which are the subject of this action.

22. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. EDWARDS due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

        A.    There are an insufficient number of designated-accessible parking spaces;

        B.    The designated-accessible parking spaces have faded paint and are poorly marked; and

        C.    Other mobility-related ADA barriers to be identified following a complete inspection.

23. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

24. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

25. Upon information and belief, removal of the barriers to access located on the Property would provide MR. EDWARDS with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

26. MR. EDWARDS has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. EDWARDS is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

27. MR. EDWARDS repeats and realleges all preceding paragraphs in support of this claim.

28. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

29. At all times relevant to this action, MR. EDWARDS has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

30. At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

31. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

32. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

33. DEFENDANTS discriminated against MR. EDWARDS, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in this Complaint.

34. MR. EDWARDS deems himself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

35. MR. EDWARDS is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MR. EDWARDS demands judgment against DEFENDANT, and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property, owned by DEFENDANTS, is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MR. EDWARDS pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. EDWARDS pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA #39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
       gdereus@bizerlaw.com
       eva@bizerlaw.com